Arthur **KHACHATRIAN**, Petitioner,

v.

Alberto R. **GONZALES,**\* Attorney General, Respondent.

No. 04–70301.

Agency No. A79–609–204.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.\*\*

Decided May 12, 2005.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Alan Aghabegian, Law Offices of Alan Aghabegian, Glendale, CA,for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Hillel Smith, Anthony W. Norwood, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before PREGERSON, CANBY and THOMAS, Circuit Judges.

### MEMORANDUM***

Arthur Khachatrian, a native and citizen of Armenia, petitions for review from a Board of Immigration Appeals' ("BIA") affirmance of an immigration judge's denial of asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review adverse credibility determinations for substantial evidence, *see Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition for review.

The agency's adverse credibility determination rests on, among other things, inconsistencies between Khachatrian's testimony, his asylum interview and his application regarding the length of his detention, whether he participated in a particular political demonstration and what occurred at that demonstration. *See id.* at 1043. As these inconsistencies go to the heart of Khachatrian's asylum claim, the agency's adverse credibility determination is supported by substantial evidence. *See id.* Furthermore, the agency properly relied on the asylum officer's assessment because Khachatrian was given an opportunity to cross-examine the asylum officer and he declined to do so. *See Rojas–Garcia v. Ashcroft*, 339 F.3d 814, 823–24 (9th Cir.2003).

Contrary to petitioner's contention, the record reflects that the agency considered his explanations for the identified discrepancies. *See Larita–Martinez v. INS*, 220 F.3d 1092, 1096 (9th Cir.2000) (holding that absent evidence to the contrary, the BIA is presumed to have considered all relevant evidence).

Khachatrian's contention that the BIA failed to consider his CAT claim fails because the same testimony that the BIA concluded was incredible forms the basis of Khachatrian's CAT claim. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003).

We do not consider the denial of petitioner's application for withholding of removal because it is not argued in his opening brief. *See Martinez–Serrano v. INS*, 94

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

F.3d 1256, 1259 (9th Cir.1996) (holding that issues raised but not supported by argument in a brief are deemed abandoned).

**PETITION FOR REVIEW DENIED.**